SCANNED at WVCF and Emailed on
2-8-23 by JS 29 pages.
(date) (initials) (num)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

Anthony Martin,
_____,
Plaintiff,

vs.

Nichalous Donovan, Et. Al
_____,
Defendant,

Case No.: 2:23-cv-00058-JPH-MKK
(TO BE SUPPLIED BY THE CLERK)

(Enter above the full name of the
Defendant(s) in this action.)

**FILED**

**02/08/2023**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Roger A.G. Sharpe, Clerk**

# COMPLAINT

## I. PARTIES

The names and addresses of each plaintiff and defendant are as follows:

A. Plaintiff:

Name: Anthony Martin
Identification Number: 945288
Address: P.O. Box 1111
Carlisle, IN. 47838

B. Defendant(s)

1. Name: Nichalous Donovan, Et. Al
   Title: Correctional Officer
   Address: 6908 South Old U.S. Hwy 41
   Carlisle, IN. 47838

2. Name: Mark Smith, Sr.
   Title: Sergeant
   Address: 6908 South Old U.S. Hwy 41
   Carlisle, IN. 47838

BK3

(1)

3. Adam Jackson
   Correctional Officer
   6908 South Old U.S. HWY 41
   Carlisle, In. 47838

4. Officer Price
   Correctional Officer
   6908 South Old U.S. HWY 41
   Carlisle, In. 47838

5. Eric Prada
   Sergeant
   6908 South Old U.S. HWY 41
   Carlisle, In. 47838

6. Dr. Bryd
   Medical Physician
   6908 South Old U.S. HWY 41
   Carlisle, In. 47838

7. Lauren Cupp
   Medical Nurse
   6908 South Old U.S. HWY 41
   Carlisle, In. 47838

8. Nurse Shoals
   Medical Nurse
   6908 South Old U.S. Hwy 41
   Carlisle, IN. 47838

9. Thomas Wellington
   Grievance Manager
   6908 South Old U.S. Hwy 41
   Carlisle, IN. 47838

10. Shelly Decker
    Grievance Specialist
    6908 South Old U.S. Hwy 41
    Carlisle, IN. 47838

11. Tawa Templeton
    Grievance Specialist
    6908 South Old U.S. Hwy 41
    Carlisle, IN. 47838

12. Wexford of Indiana, Health Services

13. Centurion of Indiana, Health Services
    Medical Services for IDOC
    6908 South Old U.S. Hwy 41
    Carlisle, IN. 47838



Name ~~_____~~
Title ~~_____~~
Address ~~_____~~

(Identify additional plaintiffs and defendants on a separate sheet of paper using this same outline)

## II.   STATEMENT OF JURISDICTION AND PREVIOUS LAWSUITS:

Jurisdiction over this action exists in the United States District Court for the Southern District of Indiana because   This is An Action Authorized by 42. U.S.C, section 1983 to Redress the deprivation, under color of state law. The Court has Jurisdiction under 28 U.S.C, section 1331, 1343 And Also supplemental Jurisdiction under 1367. Plaintiff contest that 28 U.S.C 1391(b)(2) is the Appropriate Venue because it Arose out of the Southern District.

If the same facts alleged or claims made in this suit have been previously presented to any other state or federal court in an earlier suit, for each such earlier suit identify the parties, the Court in which it was filed, the docket number assigned to the suit, the status of such earlier suit, (for example: pending, dismissed, set for trial, on appeal, etc.). and the nature of the disposition if the earlier case is closed.

No

## IV.   CAUSE OF ACTION

State which of your constitutional or federal rights, privileges or immunities have been violated and summarize in one or two sentences <u>what the defendant(s) did to violate your rights in that regard.</u> If you are claiming that more than one of your constitutional rights were violated, use a separate paragraph (ground) for each right, privilege or immunity which was violated. If you have more than three (3) grounds, identify them in a separate attached piece of paper.

BK3

(4)

Ground 1: 8th Amendment of the U.S. Constitution, cruel and unusual punishment, Deliberate Indifference, Delayed medical care, unconstitutional policies, procedures (monell claims)

Ground 2: 1st Amendment of the U.S. Constitution, Retaliation, Interference or hinderence of [plaintiff's] constitutional claims, Racial Discrimination, Equal protection of the law [14th Amendment of U.S. Constitution] Conspiracy to violate plaintiff's constitutional Rights

Ground 3: State laws / State torts. Failure to Intervene or act, state law battery / assault, negligence, unconstitutional policies, procedures, customs, norms (monell claims), delayed treatment of care, liability, breach of duty of care

(Identify additional grounds on a separate sheet of paper)

## V. STATEMENT OF FACTS

State here the FACTS of your case. You should outline both the facts on which your suit is based and the particular role of each defendant in those circumstances.

① On 2-9-2021 plaintiff was told that he had a doctor's appointment. Plaintiff was housed in the "SHU" (Special housing unit) at the Wabash Valley Correctional facility. C/O Price and a unknown officer was standing at plaintiff's door waiting on plaintiff to get ready.

BK3

⑤

(2) In the "SHU" (special housing unit) at all times there is suppose to be (2) two officer present while escorting, and offenders are to be handcuffed behind the back and lead with one officer holding the offender and the other officer holding the lead strap.

(3) Plaintiff got ready, he was handcuffed, and his door was rolled and was escorted to his doctor's visit.

(4) In the "SHU" (special housing unit), there is a nurse station where offenders are seen by the doctor, nurse, or evaluated in "sick call". The nurse station is right by the control booth of the housing unit.

(5) Plaintiff was escorted there, which it was nurse Lauren Cupp doing the assessment before the doctor came in.

(6) While doing the assessment, out of no where Nicholaus Donovan and Sgt Mark Smith and Sgt Eric Deady approached the medical door entrance.

BK3

(6)

(7) Immediately officer Donovan began talking to plaintiff stating "what's up now Mr. Martin". You thought that I wouldn't see you again, and started making threats.

(8) Plaintiff and officer Donovan had several interactions prior to this incident, where plaintiff filed several grievances, contacted Internal Affairs and made complaints to the warden about his unprofessional actions and his racial discrimination against plaintiff and other African Americans housed in the "SHU".

(9) Officer Donovan and other correctional officers was alleged to have been interacting with the known Aryan Brotherhood / skin heads "white supremicist group", which was questioned by OII [Internal Affairs] because the interaction with known "STG" offenders of the Aryan Brotherhood / skin heads while at work.

(10) While plaintiff was being assessed, officer Donovan came into the nurse station which officer Jackson appeared. Officer Donovan got in plaintiff face and began taunting plaintiff, which nurse Cupp called him by his nick name "D.J." and told him to quit.

(7)

(11). At that moment Officer Donovan called plaintiff a "nigger" and spit in plaintiff's face. Officer Price told Officer Donovan that was enough. Sgt Deady, Sgt. Smith and Officer Jackson just stood and watched as Nurse Cupp wiped the saliva off plaintiff's face. The others just watched and laughed.

(12). After the nurse visit, plaintiff stood up and was about to be lead back to his room when as soon as he turned around Officer Donovan struck plaintiff in the jaw causing plaintiff to fall. Officer Donovan began striking plaintiff which plaintiff was defenseless because he was handcuffed be the back. Sgt Deady, Sgt. Smith, Officer Price, Officer Jackson, unknown officer, and Nurse Cupp failed to intervene or act and watched plaintiff be assaulted. At no time was plaintiff combative or resisting.

(13). Plaintiff heard the door pop and someone was coming, which Officer Price and the unknown officer lead plaintiff to his room. Immediately plaintiff called home and reported the incident and told his family to call the facility.

(14). A couple hours went by, which Sgt Smith and Officer Jackson approached plaintiff's cell and asked

(8)

plaintiff what was all the commotion for, and told plaintiff to shut up and leave the issue alone. Plaintiff showed sgt. Smith the bloody t-shirt which he said to give him the shirt.

(15) Upon opening plaintiff food slot, officer Jackson disbursed plaintiff with O/C spray (pepper spray) in the face. He told plaintiff now you would shut up and both of them laughed. Plaintiff was not being combative or threating but was sprayed without warning.

(16) Plaintiff was not decontaminated as IDOC policy states after being sprayed. Plaintiff was left in his cell burning from the spray, with no shower.

(17) When the next shift came on, plaintiff told the sergeant of that shift and was pulled out for pictures to be taken, and a report was done.

(18) Plaintiff put in a health request, which nurse Shoals seen his injuries but said that she would email the Doctor. Doctor Boyd said that he would send plaintiff for x-rays. Plaintiff asked for a liquid diet because he could not open his jaw do to excessive swelling but was "refused".

(9)

(19) Plaintiff wrote the grievance specialist Mrs. Decker, Mrs. Templeton and also the grievance manager Wellington who was trying to cover-up the incident and kept "refusing" to accept plaintiff grievances.

(20). Plaintiff filed numerous "grievances", which the grievance department "used" affirmative misconduct preventing plaintiff to utilized the grievance process making it unavalible. IDOC has policies that are abusive, unconstitutional and unburdersome. The grievance manager came to see plaintiff with the case manager Leonard-Kaithice present and he stated that the warden and OII [Internal affairs] was investigating the incident, and would get back to plaintiff. He affirmed plaintiff that medical was contacted and that he would be treated. Mr. Wellington stated that it was informally resolved.

(21). Plaintiff was denied medical treatment, and nurse Alister, nurse Cupp "forged" and falsified medical documents to cover up the incident. When medical administrator Kim Hobson and Amy Wright found out about the forged documents they told plaintiff to be patient and medical services would be done. Plaintiff was still denied services, and medical care was denied by Wexford of Indiana and it continued on throughout the care and treatment by Centurion

(10)

of Indian Health Services, which plaintiff to this day is still having problems. Wexford and centurion was policy to deny or delay services.

## VI. RELIEF

State exactly what relief or action you are requesting through this lawsuit.

I am seeking 250,000.00 (two hundred and fifty thousand dollars) against the defendants. I'm seeking 20,000.00 compensatory damages (twenty thousand dollars) against each defendant, jointly and severally. I'm seeking 10,000.00 (ten thousand dollars) punitive damages against each defendant. Plaintiff seeks the recovery of the cost of suit, and any other additional relief this court deems, just, proper and equitable.

## AFFIRMATION OF PLAINTIFF

I, the plaintiff in the aforementioned cause, do affirm that I have read all of the statements contained in this complaint and that I believe them to be true and correct to the best of my personal knowledge and belief.

Signed this ___3rd___ day of ___February___, 20_23_.

_____
Plaintiff

BK3

(11)